STATE of Minnesota ex rel. Mary Jo MAIN, Petitioner, Appellant,

v.

Donald OMODT, Sheriff, Hennepin County Minnesota, Respondent.

No. 49237.

Supreme Court of Minnesota.

July 13, 1979.

Appeal from District Court, Hennepin County; Crane Winton, Judge.

William R. Kennedy, County Public Defender, Gerard W. Snell, Ronald E. Budd, and George O. Ludcke, Asst. Public Defenders, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief Asst. County Atty., Appellate Division, and David W. Larson, Asst. County Atty., Minneapolis, for respondent.

PER CURIAM.

This is an appeal by petitioner from an order of the district court discharging her application for a writ of habeas corpus. Petitioner was originally charged with aggravated assault, but, pursuant to an agreement between petitioner and the prosecutor, the state put the case on the inactive calendar and waived prosecution in exchange for an agreement by petitioner to comply with the terms of a treatment program for her mental illness. At the expiration of a 3-month period the prosecutor dismissed the complaint, but, as the habeas court found, an implicit condition of the dismissal was that petitioner continue to comply with the terms of the treatment program. Because of continued telephone harassment of the victim by petitioner in violation of the terms of her treatment program, the prosecutor refiled the charges.

Petitioner then commenced this habeas proceeding. Subsequent to the discharge of the petition and while this appeal was pending, petitioner was tried on the charge and found not guilty by reason of mental illness. Thereafter she was again civilly committed for mental illness. The justification for that commitment is not dependent on the validity of the criminal complaint which petitioner challenged in this proceeding. Accordingly, although there does not appear to be any merit to the issues raised by petitioner's appeal, we do not need to decide them because the issues are moot.

Appeal dismissed.